1 | GREENBERG TRAURIG, LLP
2 | MARK D. KEMPLE (SBN 145219)
  | RADHA D.S. KULKARNI (SBN 293996)
3 | 1840 Century Park East, 19th Floor
4 | Los Angeles, CA 90067
  | Telephone: (310) 586-7700
5 | Facsimile: (310) 586-7800

6
7 | Attorneys for Defendant
  | PANDA RESTAURANT GROUP, INC.

8

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| JENNIFER SPARGIFIORE, an individual, for herself and all members of the putative class,, | CASE NO. 2:20-cv-09837-AB-MRW |
|---|---|
| Plaintiff, | **DECLARATION OF SANDY LICEAGA IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL ARBITRATION, STAY ACTION, AND STRIKE THE CLASS ACTION ALLEGATIONS** |
| v. | |
| PANDA RESTAURANT GROUP, INC., a California Corporation; and DOES 1 through 100, inclusive, | Date: December 4, 2020<br>Time: 10:00 a.m.<br>Dept: 7B |
| Defendants. | REMOVAL FILED: October 27, 2020<br>ACTION FILED: December 11, 2019 |

DECLARATION OF SANDY LICEAGA

ACTIVE 48858146v3

**DECLARATION OF SANDY LICEAGA**

I, SANDY LICEAGA, declare as follows:

1. I am over the age of 18 years, have personal knowledge of the facts set forth herein from my own personal knowledge, and if called as a witness by a court of law, could and would competently testify thereto.

2. I am currently the Senior Manager, Benefits and Leaves of Absence of defendant Panda Restaurant Group, Inc. ("Defendant" or "Panda"), the named defendant in the above-entitled action. Prior to this position, and during Plaintiff Jennifer Spargifiore's ("Plaintiff") employment with Panda Express, I was employed as Panda's HR Program Manager. I have been employed by Panda since July 30, 2007. From my role as HR Program Manager, I have personal knowledge of the application and on-boarding process by which applicants (or "candidates") and newly hired associates (or "new hires") at Panda completed their applications and new hire paperwork, as well as reviewed and acknowledged Panda's policies and procedures during Plaintiff's employment with Panda Express. During that time period, I was also a custodian of Panda's business records regarding the acknowledgement forms completed by new hires. These records are maintained in the regular course of Panda's business and the database containing these records is regularly updated as new associates are hired.

3. Defendant is the parent company of Panda Inn, Panda Express, and Hibachi-San. Panda owns and operates Asian dining concepts, such as fast casual restaurants, in 49 states, including California, U.S. territories including Puerto Rico and Guam, and one or more foreign countries. Panda is headquartered in Rosemead, California. Panda's non-exempt California based associates (who are not transportation employees) sometimes travel to states other than California for training and work related purposes. Similarly, its non-California based non-exempt associates (who are not transportation employees) often travel to California for training and other work-related purposes, including to work or train at its Rosemead, California headquarters. Moreover, given the mobility of

1 Panda's work force, many of its non-exempt associates who worked for Panda in
2 California at some point in the past four years, now reside outside the state of California.

3   4.   I have reviewed Panda's business records, maintained and relied upon by Panda in the ordinary course of its business, relating to Plaintiff including the Arbitration Agreement entered into by her and other Panda California associates. These records are and have been available to me in the ordinary course of the performance of my job responsibilities.

  5.   At the time that Plaintiff applied to work at Panda in or around August 2016, if an individual was interested in employment with Panda, he or she would have gone online to Panda's website and completed an employment application. To do so, the candidate was required to provide Panda with his or her email address and generate a unique username and password to create a Panda account. The candidate personally selected the unique username and password, and the candidate's account could only be accessed by inputting that unique username and password.

  6.   If Panda offered a candidate employment, he or she would then complete the on-boarding process at the location at which he or she was hired. Using the store computer, newly hired associates logged in to their Panda account using the username and password that they created during the application process. The new hire was then taken to a welcome page containing links to the documents and forms that he or she needed to review and complete. The welcome page and links/forms would slightly differ depending on the position for which the individual was hired. The welcome page contained a list of links to documents for the new hire to read and review, including the Associate Handbook and the My V.O.I.C.E. Matters Program ("MVMP"). The welcome page also contained a column of tasks/forms for the new hire to review and complete. The new hire would then click on the tabs to review and acknowledge and/or complete each form. The forms that the new hires were required to complete included, but were not limited to, a Form W-4, a New Hire Information/Emergency Contacts form, an Electronic Payment Distribution System Form, an Associate Acknowledgement Form

relating to Panda's Associate Handbook and anti-harassment policies, and an Associate MVMP Acknowledgment Form.

7. At that time, with respect to the MVMP, the new hire was able to click the link that would open the MVMP, which could be reviewed beginning to end on the screen by scrolling through. New hires were free to spend as much time as they wished reviewing the MVMP. Further, the MVMP was provided in English and Spanish to associates. A true and correct copy of the MVMP is attached hereto as **Exhibit A**.

8. After reviewing the MVMP, new hires completed the MVMP Acknowledgement Form by initialing each paragraph, and entering the last four numbers of their Social Security Number. After the new hires did this, when the Acknowledgment Form was printed, the individual's name and the date were automatically generated. Based on my review of Panda's business records, Plaintiff completed the MVMP Acknowledgement Form on August 10, 2016. A true and correct copy of the Acknowledgment Form of Plaintiff is attached as **Exhibit B** hereto.

9. In addition, during that time period, each new hire received a "welcome" email sent to the email address that he or she provided to Panda once his or her manager initiated the on-boarding process. The welcome email contained a copy of the MVMP Acknowledgment Form, the healthcare Marketplace Notice, and a bulletin on the Hourly Benefits.

10. At the time that Plaintiff was hired by Panda, the MVMP contained an Arbitration Provision, which associates were required to enroll in, but it was not a condition of employment. New hires at Panda had the opportunity to opt out of the Arbitration Provision within 60 days if they so desired via a written request to opt out. During Plaintiff's employment with Panda, I was a custodian of Panda's business records of the written requests of those individuals who elect to opt out of the Arbitration Provision. The written requests to opt out, regardless of whether they are received by mail, overnight delivery, hand delivery, email or otherwise, are maintained in the regular course of Panda's business. Based on my review of these records, Plaintiff did not send a

3
DECLARATION OF SANDY LICEAGA

written request to opt out of the Arbitration Provision. Further, Panda never waived the Agreement.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct. Executed on November 3, 2020, at Rosemead, California.

_____
SANDY LICEAGA