R. Rex Parris (SBN 96567)
Kitty K. Szeto (SBN 258136)
Slyvia Torres-Guillen (SBN 164835)
John M. Bickford (SBN 280929)
Ryan A Crist (SBN 316653)
**PARRIS LAW FIRM**
43364 10th Street West
Lancaster, California 93534
Telephone:   (661) 949-2595
Facsimile:   (661) 949-7524

Attorneys for Plaintiff and the Putative Class

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER SPARGIFIORE, an individual, for herself and all members of the putative class,<br><br>              Plaintiff,<br><br>       v.<br><br>PANDA RESTAURANT GROUP, INC., a California Corporation; and DOES 1 through 100, inclusive,<br><br>              Defendants. | Case No.:  2:20-cv-09837-AB-(MRWx)<br><br>**CLASS ACTION**<br><br>**PLAINTIFF JENNIFER SPARGIFIORE'S REQUEST FOR MOTION PREFERENCE**<br><br>Date:            December 4, 2020<br>Time:            10:00 a.m.<br>Courtroom:   7B<br>Judge:           Hon. Andrè Birotte Jr.<br><br>Complaint Filed:  December 11, 2019<br>Trial Date:         None Set |

**TO THE COURT AND DEFENDANT AND ITS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Plaintiff hereby requests her Motion to Remand be heard prior to any pending motions, including Defendant's Motion to Compel Arbitration and Stay (Dkt. 8) and Defendant's Motion to Strike, or in the Alternative Dismiss (Dkt. 9). Plaintiff's request is based on the following:

When the Court's authority to hear a case is at issue, a "Court **must** [ ] examine its jurisdiction **before** examining the other motions before the Court." *Armod Ohan v. AmeriFirst Fin., Inc.*, No. CV148380MWFAGRX, 2015 WL 13757759, at *2 (C.D. Cal. Jan. 20, 2015) (citing *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977)). Accordingly, "parties may suggest a lack of subject matter at any time," even absent a motion to remand, and the "Court has an ongoing responsibility to consider" it. *See Young v. Securitas Sec. Servs. USA, Inc.*, No. 17-CV-05342-JCS, 2018 WL 1142190, at *8 (N.D. Cal. Mar. 2, 2018).

Instead of responding to Plaintiff about this important threshold issue, Defendant ignored Plaintiff until it could ram forward its Motion to Compel Arbitration, Dkt. 8, and Motion to Strike Class Allegations and Stay Action, Dkt. 9, on November 3, 2020. Nearly an identical scenario occurred in *Ohan*. There, the defendant removed the action and immediately moved to compel arbitration and a motion to dismiss or to stay proceedings pending the outcome of arbitration. *Armod*, *supra*, 2015 WL 13757759, at *1. The plaintiff then moved for leave to amend "which if accepted would serve to defeat complete diversity." *Id.* at *3. The court correctly found "[f]ederal courts are under a continuing duty to confirm their jurisdictional power and are obligated to inquire *sua sponte* whenever a doubt arises as to [its] existence." *Id.* at *2. "Further, the removal statutes are construed restrictively, so as to limit removal jurisdiction. Generally, doubts as to removability are resolved in favor of remanding the case to the state court." *Id.*, citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–109 (1941). "**The Court must thus examine its jurisdiction before examining the other motions before the Court**." *Id.* The court ultimately granted remand, mooting defendant's motions.

1

The same thing happened recently in *Diaz v. Sun-Maid Growers of California* where the defendant removed the action under CAFA and moved to dismiss shortly thereafter. *See* No. 119CV00425LJOSKO, 2019 WL 3530398, at *2 (E.D. Cal. Aug. 2, 2019). There, the plaintiff moved for leave to amend, which "raise[d] jurisdictional issues that must be decided before any other issued are addressed." *Id.* Chief Judge Lawrence J. O'Neill found this gave the court "a powerful reason to choose not to continue to exercise jurisdiction." *Id.*, citing *Carnegie-Mellon Univ. of Cohill*, 484 U.S. 343, 349–352 (1988) (finding "wide discretion to remand rather than to dismiss" promotes "the principles of judicial economy, procedural convenience, fairness to litigants, and comity to the States which underlie the pendent jurisdiction doctrine"). *Diaz* correctly granted the plaintiff motion preference, granted remand, and denied the defendant's pending motion as moot.

*McElhannon* is similar. There, the defendant removed under CAFA and immediately moved to compel arbitration, dismiss class claims, and stay the plaintiff's PAGA claims, just like Defendant does here. *McElhannon v. Carmax Auto Superstores W. Coast, Inc.*, No. 3:19-CV-00586-WHO, 2019 WL 2354879, at *1 (N.D. Cal. June 4, 2019). The plaintiff moved to remand, but only after filing an amended complaint that divested the court's original jurisdiction under CAFA. *Id.* The court found, "[i]n order to address the issues on the merits in the most efficient and least expensive way, I will remand the case because there is no basis for federal jurisdiction under the [operative complaint]." *Id.* Relying on the new amended complaint's allegations, the court remanded the case for failure to satisfy CAFA requirements and vacated all hearings on defendant's motions. *Id.* at *3.

Here, Plaintiff's Motion for Remand identifies *significant* flaws in Defendant's removal papers. The Court should first determine whether it even has the jurisdiction to hear Defendant's motions before spending precious time and resources on them. Practically, whether the Court has jurisdiction will significantly affect Defendant's impending motions because they raise issues regarding *federal* pleading standards instead

2

of the pleading standards for the forum in which Plaintiff originally filed.  The Court should grant motion preference on the Motion to Remand, or simply deny Defendant's motions as moot until jurisdiction is decided.  *See McElhannon*, 2019 WL 2354879, at *2, fn. 2.)

Dated: November 6, 2020                              **PARRIS LAW FIRM**


                                                     By:_____/s/ Ryan A. Crist_____
                                                        Kitty K. Szeto
                                                        Sylvia Torres-Guillen
                                                        Ryan A. Crist
                                                        Attorneys for Plaintiff
                                                        and the Putative Class

3