GREENBERG TRAURIG, LLP
MARK D. KEMPLE (SBN 145219)
RYAN C. BYKERK (SBN 274534)
RADHA D.S. KULKARNI (SBN 293996)
1840 Century Park East, 19th Floor
Los Angeles, CA 90067
Telephone: (310) 586-7700
Facsimile: (310) 586-7800

Attorneys for Defendant
PANDA RESTAURANT GROUP, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER SPARGIFIORE, an individual, for herself and all members of the putative class,,<br><br>Plaintiff,<br><br>v.<br><br>PANDA RESTAURANT GROUP, INC., a California Corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO. 2:20-cv-09837 AB (MRWx)<br><br>**EX PARTE APPLICATION TO REMAND ACTION FORTHWITH WITHOUT VIOLATING THIRD PARTY PRIVACY INTERESTS BY PRODUCING PRIVATE INFORMATION ON FEBRUARY 18, 2021**<br><br>[SUPPORTING DECLARATIONS AND PROPOSED ORDER FILED CONCURRENTLY HEREWITH]<br><br>Date: No hearing set<br>Time: No hearing set<br>Dept.: 7B<br>Judge: Andrè Birotte Jr.<br><br>Complaint Filed: December 11, 2019<br>Trial Date: Not set |

EX PARTE APPLICATION

ACTIVE 55210422v6

## APPLICATION AND NOTICE

**PLEASE TAKE NOTICE** that Defendant Panda Restaurant Group, Inc. ("Panda") hereby moves ex parte, in Department 7B of the above captioned court, Judge Andrè Birotte Jr. presiding, for an order remanding this action now to state court such that Panda is not asked to distribute third party contact information without affording such persons the opportunity to make an election concerning distribution of their personal information as required by California law. *See Belaire-West Landscape, Inc. v. Superior Court*, 149 Cal. App. 4th 554 (2007). Moreover, although Panda does not agree that former residence shows citizenship – much less state and US citizenship, much such citizenship later in time – remand moots the issue entirely on which production of third party private information is based, and moots any possible appeal from a contested order of remand. The matter is brought on an ex parte basis as there is insufficient time for a noticed motion on this issue before production of such protected materials would be due (February 18, 2021), and the matter may be remanded immediately.

As required by the Local Rules, Panda provided notice of this Application to Plaintiff's counsel Ryan Crist (rcrist@parrislawyers.com) and Kitty Szeto (kszeto@parrislawyers.com) of Parris Law Firm of 43364 10th Street West, Lancaster, California 93534, telephone number (661) 949-2595, and made good faith efforts to advise counsel of the nature of the ex parte application and relief sought. First, the parties discussed a stipulation to remand without advance production of protected private third party information, on Friday February 5, 2021. At that time, Plaintiff's counsel stated that Plaintiff would not agree to such relief. On February 8, 2021, Panda's counsel again called Plaintiff's counsel, but could only get the voice mail of Mr. Crist. At approximately 12:20 pm Panda's counsel left a detailed recorded message on Mr. Crist's extension's answering machine, advising him of the relief sought, where and when it would be sought, when any opposition would be due, stated its understanding that Plaintiff would oppose, and requested a call back. That call was followed shortly thereafter with a detailed email in this regard. At 3:51 p.m., Panda's counsel followed up

1  with Mr. Crist and left another message, referencing the first message, and again
2  requesting a call back.  At 4:57 p.m. on February 8 Plaintiff's counsel responded to my
3  email of February 8, stating only that he would comply with the Court's Order. [Kemple
4  Decl. ¶¶ 4-6; Exs. A & B; Bykerk Decl. ¶¶ 2-4.]  Based on the parties' conversations, it is
5  anticipated that Plaintiff will oppose this Application.

   Accordingly, Panda requests that the Court remand this action to state court forthwith and without requiring the disclosure of third party private information without the consent of such persons.

                                       Respectfully submitted,

Dated: February 8, 2021               GREENBERG TRAURIG, LLP


                            By       /s/ Mark D. Kemple
                                     MARK D. KEMPLE
                                     RYAN C. BYKERK
                                     RADHA D.S. KULKARNI
                                     Attorneys for Defendant
                                     PANDA RESTAURANT GROUP, INC.

## **TABLE OF CONTENTS**

Page

I. SUMMARY ..................................................................................................1

II. DISCUSSION ...............................................................................................2

    A.    Putative Class Member Contact Information is Private Information Protected From Disclosure by the California Constitution, But Would Be Required By the Court's Order to Be Produced Without Requisite Protection if this Action is Not Remanded Forthwith.....................................2

    B.    Panda Offered to Stipulate to Remand the Action to State Court Immediately to Protect the Interests of its Workforce, And Plaintiff Has Refused......................................................................................4

III. PLAINTIFF'S OBJECTIONS ARE MERITLESS.....................................6

IV. CONCLUSION...........................................................................................11

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Aldapa v. Fowler Packing Co.*,
  No. 1:15-cv-00420-DAD-SAB, 2016 U.S. Dist. LEXIS 35520 (E.D. Cal. Mar. 18, 2016)..................................................................................................3

*Alvarez v. XPO Logistics Cartage, LLC*,
  No. CV 18-03736 SJO (AS), 2018 WL 3203086 (C.D. Cal. June 29, 2018) ...............................................................................................................8

*Aviles v. Quik Pick Express, LLC*,
  No. CV-15-5214-MWF (AGR), 2015 WL 5601824 (C.D. Cal. Sept. 23, 2015) ...............................................................................................................8

*Calingo v. Meridian Res, Co LLC*,
  2011 WL 3611319 (S.D.N.Y., Aug. 16, 2011)..................................................7

*Calleros v. Rural Metro of San Diego, Inc.*,
  No. 17cv686-CAB(BLM), 2017 U.S. Dist. LEXIS 164030 (S.D. Cal. Oct. 3, 2017) ......................................................................................................3

*Epic Systems Corp. v. Lewis*,
  138 S. Ct. 1612 (2018)......................................................................................5

*Fritsch v. Swift Transp. Co. of Ariz., LLC*,
  899 F.3d 785 (9th Cir. 2018) ............................................................................1

*Garza v. Brinderson Constructors, Inc.*,
  178 F. Supp. 3d 906 (N.D. CA. 2016)..............................................................9

*Harris v. Bankers Life and Cas. Co.*,
  425 F.3d 689 (9th Cir. 2005) ............................................................................1

*King v. Great Am. Chicken Corp.*,
  903 F.3d 875 (9th Cir. 2018) ................................................................. 1, 4, 7

*Mondragon v. Capital One Auto Fin.*,
  736 F.3d 880 (9th Cir. 2013) ...........................................................5, 7, 8, 9

*Poe v. Health Net, Inc.*,
  No. CV 18-9792-R, 2019 U.S. Dist. LEXIS 40773 (C.D. Cal. Mar. 12, 2019) .................................................................................................................. 7

*Preston v. Tenet Healthsystem Memorial Med. Center, Inc.*,
  485 F.3d 793 (5th Cir. 2007) .................................................................................. 5

*Roth v. CHA Hollywood Med. Ctr., L.P.*,
  2013 U.S. Dist. LEXIS 194433 (C.D. Cal. Sept. 5, 2013) .................................... 8

*Serrano v. 180 Connect, Inc.*,
  478 F.3d 1018 (9th Cir. 2007) ........................................................................... 6, 7

*In re Sprint Nextel Corp.*,
  593 F.3d 669 (7th Cir. 2010) .................................................................................. 5

*Unutoa v. Interstate Hotels and Resorts, Inc*,
  No. CV-14-09809-SVW (PJW), 2015 WL 898512 (C.D. Cal. Mar. 3, 2015) ................................................................................................................ 10

*Visendi v. Bank of Am., N.A.*,
  733 F.3d 863 (9th Cir. 2013) .................................................................................. 7

**State Cases**

*Belaire-West Landscape, Inc. v. Superior Court*,
  149 Cal. App. 4th 554 (2007) ............................................................................ 1, 2

**Federal Statutes**

28 U.S.C. § 1453 ........................................................................................................ 1

**Rules**

Federal Rules of Civil Procedure, Rule 11 ............................................................. 10

**Constitutional Provisions**

*California Constitution* ............................................................................................ 2

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  SUMMARY.

By this ex parte application, Defendant Panda Restaurant Group, Inc. ("Panda") hereby stipulates to remand of this action now to state court without distribution of third party personal contact information done without affording such persons the opportunity to make an election concerning their personal and private information.  *See Belaire-West Landscape, Inc. v. Superior Court*, 149 Cal. App. 4th 554 (2007).

Further, remand of this action now moots the purpose for the production of such personal information.  The purpose of the production is to make an inference relating to each person's state and national citizenship at the time of removal (October 2020) from the address by that person provided at some point in time over the past several years in employment paperwork.  Although Panda believes that such an inference would be unwarranted,[1] Panda's stipulation to remand moots the need for such production (without permission of the third party) as the abstention question presented on Plaintiff's motion would no longer be at issue.[2]  Panda also notes that such a battle would be particularly inefficient here because Plaintiff executed an arbitration and class waiver agreement,

---

[1] *See, e.g.*, *King v. Great Am. Chicken Corp.*, 903 F.3d 875, 879 (9th Cir. 2018) ("A person's state of citizenship is established by domicile, not simply residence, and a residential address in California does not guarantee that the person's legal domicile was in California."; further, state citizenship requires U.S. citizenship and "[i]t cannot be assumed that all residents of California are citizens of the United States"; rejecting assertion CAFA abstention established despite stipulation that two thirds of the putative class members had forum state addresses as last known addresses; reversing district court remand based on presumptions regarding the residency of putative class members based on last known addresses and employment in the state because "this impression rests on guesswork"); *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 695-96 (9th Cir. 2005) (party admission of his or her residence does not allege or "affirmatively reveal" for removal purposes, her citizenship such that the other party may use it as a basis to establish citizenship).

[2] It would also moot a possible appeal from a contested order of remand based on an abstention based on past residence, despite uncontested CAFA jurisdiction.  See 28 U.S.C. § 1453; *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018) (on appeal, Ninth Circuit reviews "remand orders in CAFA cases de novo").

such that she could not represent the putative class whose contact information she now seeks based on an abstention controversy.

By ordering immediate remand now, the relief sought by Plaintiff is obtained, and is obtained without violating the privacy interests of the third parties Plaintiff seeks to represent. (Indeed, Plaintiff's opposition to this request seems to pit Plaintiff against the privacy rights of the very group of persons she and her counsel seek to represent.) Plaintiff has refused to stipulate to this request, claiming that the Court's Order does not permit Plaintiff to stipulate to remand at this time. [Kemple Decl. ¶ 4; Bykerk Decl. ¶¶ 2-4.]

Accordingly, Panda respectfully requests that the Court remand this case forthwith to state court without a requirement that Defendant produce personal contact information of thousands of individuals.

## II. DISCUSSION.

### A. Putative Class Member Contact Information is Private Information Protected From Disclosure by the California Constitution, But Would Be Required By the Court's Order to Be Produced Without Requisite Protection if this Action is Not Remanded Forthwith.

The Court's Order requires Panda to produce private information about the putative class. [Dkt. 23, Page ID 1108 (requiring production of name, address, telephone and other information).] Such information is private information protected from disclosure by the California Constitution absent protections to the third party. *Belaire-West*, 149 Cal. App. 4th at 561 (holding putative class members' name, address and telephone numbers protected against disclosure by the California Constitution). As the California Court of Appeal held, "[t]he contact information for . . . current and former employees deserves privacy protection," because it "was given to [the employer] as a condition of employment . . . with the expectation that it would not be divulged externally except as required to governmental agencies . . . or to benefits providers . . ." *Id.*

When such information is to be produced, the parties must meet and confer on the content of the *Belaire* notice (and often obtain Court approval of those contents), select a neutral third party administrator, mail the notice to putative class members, allow sufficient time (at least twenty-one days) for putative class members to respond, and allow the administrator time to compile any responses and create a final list.  *See, e.g., Calleros v. Rural Metro of San Diego, Inc.*, No. 17cv686-CAB(BLM), 2017 U.S. Dist. LEXIS 164030, at *11 (S.D. Cal. Oct. 3, 2017) (directing parties to meet and confer, have third party neutral administrator send notices); *Aldapa v. Fowler Packing Co.*, No. 1:15-cv-00420-DAD-SAB, 2016 U.S. Dist. LEXIS 35520, at *19 (E.D. Cal. Mar. 18, 2016) (order approving contents of *Belaire* notice; noting the parties' months-long negotiation of the contents of *Belaire* notice and finding that putative class members must be given at least "twenty-one days from the date of mailing" the notice to respond). This cannot be done in the time set forth by the Court's Order.

The problem is magnified here because the Court's Order here extends not just to employees of Panda (the "sole Defendant" here, as the Court's Order notes [Dkt. 23 at Page ID 1107]), but also to thousands of employees of third parties not before the Court, for whom Panda is alleged to be jointly responsible.  Specifically, the Order states that Panda must produce information regarding "all members of the putative class." [*Id.* at Page ID 1108.]  The "putative class" here includes Panda employees *and* current and former employees of Panda Express (with whom Plaintiff was employed) and other "Doe" defendants that have not been named defendants in this action.[3]  Indeed, Plaintiff herself was never employed by Panda, but rather, Panda Express.

---

[3] *See* Dkt. 1, Notice of Removal ¶ 25 ("Plaintiff alleges that Panda is jointly liable with Plaintiff's direct employer . . . Panda Express," and other entities, which "are defined and referred to in the FAC as 'Defendants'.  The class definition, in turn, is: 'All current and former hourly-paid or non-exempt employees employed by Defendants within the State of California at any time during the period from December 11, 2015 to final judgment.'").

### B. Panda Offered to Stipulate to Remand the Action to State Court Immediately to Protect the Interests of its Workforce, And Plaintiff Has Refused.

In light of the foregoing, Panda suggested to Plaintiff that the parties stipulate to remand the action to state court immediately. Panda believes this should happen for four reasons.

**First**, a stipulation avoids the invasion of the putative class members' constitutionally-protected privacy rights.

**Second**, the sole reason for the production of this information is Plaintiff's efforts to remand the matter to state court by proving an abstention to established CAFA jurisdiction. A stipulation moots that request. Indeed, Plaintiff's opposition to such a stipulation – one that would give her exactly what she requests while protecting the interests of those she seeks to represent – is puzzling, and pits plaintiff's interests against the privacy interests of the group of persons she seeks to represent.

**Third**, remand now avoids a protracted dispute over abstention based on an attempt to prove forum citizenship of two-thirds of the putative class[4] (in an action on which Plaintiff cannot proceed as a class action). Panda has established the elements of CAFA jurisdiction [Dkt. 23 ("it appears . . . that the elements of CAFA jurisdiction are satisfied")], and the sole question is whether Plaintiff can carry her burden to demonstrate a basis for an abstention. But the abstention doctrines at issue here require that Plaintiff prove putative class members' U.S. and California *citizenship* on the date of removal, not their one-time *residence*. *See, e.g.*, *King v. Great Am. Chicken Co.*, 903 F.3d 875, 879 (9th Cir. 2018) ("A person's state of citizenship is established by domicile, not simply residence, and a residential address in California does not guarantee that the person's

---

[4] Abstention based on one third of the class member's forum citizenship is precluded here, as this is a duplicative lawsuit for which a prior class action was filed in the three years preceding this action – notably a prior action that remains pending today. *See* Dkt. 17, p. 31 of 33 (discussing the prior filed and pending *Barragain* class action.)

legal domicile was in California."). Assumptions based on residency are "guesswork"—and may even be "sensible guesswork"—but they are insufficient to establish an abstention doctrine. *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 884 (9th Cir. 2013) (an exception to favored CAFA jurisdiction cannot be based on even "[s]ensible guesswork, based on a sense of how the world works, but guesswork nonetheless").[5] Thus, even if Panda were to produce the names, addresses and phone numbers of putative class members, Panda believes that information will not answer the abstention question. While Panda believes Plaintiff will ultimately fail to prove the application of any abstention, Panda seeks to avoid a protracted fight and the attendant expense in party and Court resources.

**Fourth**, as alluded to above, an ongoing dispute is particularly inefficient here because Plaintiff executed an arbitration and class waiver agreement that binds her to proceeding on an individual basis in arbitration in any case, and <u>not on a class basis</u>.[6]

---

[5] Other Circuit courts agree. *In re Sprint Nextel Corp.*, 593 F.3d 669, 673-74 (7th Cir. 2010) (rejecting assertion that a forum state billing address is sufficient to establish the citizenship of class members; "one would think that the vast majority of individual Kansas cell phone users do in fact live in that state and that the vast majority of them view it as their true home…. [¶] But that's all guesswork. Sensible guesswork, based on a sense of how the world works, but guesswork nonetheless. There are any number of ways in which our assumptions about the citizenship of this vast class might differ from reality.… Ultimately, we agree with the majority of district courts that a court may not draw conclusions about the citizenship of class members based on things like their phone numbers and mailing addresses."); *Preston v. Tenet Healthsystem Memorial Med. Center, Inc.*, 485 F.3d 793, 798-801 (5th Cir. 2007) (putative class members' medical records, containing primary billing addresses, insufficient to establish citizenship; "[plaintiffs] presented no evidence… to demonstrate that these patients not only *resided* in Orleans Parish at the given addresses but also were *domiciled* in Louisiana at the time of Hurricane Katrina").

[6] Plaintiff is contractually bound to proceed in arbitration and *not* on a class-wide basis. Plaintiff has breached that agreement. The Supreme Court has held that such agreements are proper, must be enforced according to their terms, and present a threshold question for the court. *Epic Systems Corp. v. Lewis*, 138 S. Ct. 1612, 1623 (2018). Accordingly, Panda properly sought to resolve this threshold issue at the outset of the action. [*See* Dkt. 8 (Motion to Compel Arbitration) and Dkt. 9 (Motion to Strike Class Allegations).]

Thus, this would be a battle over a putative class list in an action in which the Plaintiff cannot represent a putative class. Accordingly, if the Court were otherwise to have the parties engage in a discovery concerning the mere residences of putative class members in an action that cannot proceed on a class basis in any event, we believe the action should be remanded now and without violation of those third parties' privacy interests.

Accordingly, on February 5, 2021, Panda met and conferred with Plaintiff and offered to stipulate to remand the action to state court. [Kemple Decl. ¶4-6; Bykerk Decl. ¶¶2-5.] Although that had been the goal of Plaintiff's remand motion, Plaintiff refused. [*Id.*]

### III. PLAINTIFF'S OBJECTIONS ARE MERITLESS.

As noted, Panda met and conferred with Plaintiff regarding a proposed joint stipulation to remand on Friday, February 5, 2021. Plaintiff refused, but provided no grounds for her refusal, other than to state that the Court Order does not permit a stipulation to remand at this time. [*Id.*]

Nevertheless, we expect Plaintiff will object on the grounds that (1) Panda caused this dispute, so it should be required to produce the information, (2) Panda knew or should have known that an abstention applied and it should not have removed the action in the first instance, and (3) it should be punished for refusing to produce putative class member information, in the form of punishing punitive class members by producing their private information. Each argument is without merit.

**First**, Panda did not cause the current jurisdictional dispute. Panda's removal to federal court was proper. Panda sought only to have the court with proper <u>jurisdiction</u> over this action decide the issue of arbitration and class waiver. CAFA jurisdiction is favored and, as the Court's Order notes, Panda pled and proved the elements of CAFA jurisdiction. [Dkt. 23 ("it appears . . . that the elements of CAFA jurisdiction are satisfied").] In this regard, Panda had no obligation to plead, much less establish, the *absence* of an abstention doctrine as a condition of removal; rather, such is Plaintiff's burden. *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1019 (9th Cir. 2007) ("the party

seeking remand bears the burden of proof as to any exception under CAFA"). To be clear, the absence of a possible abstention is not a part of the Court's jurisdiction.[7]

**Second**, and contrary to Plaintiff's arguments, it also is not obvious that an abstention doctrine applies in any event. As noted, the Ninth Circuit has held that the residency of putative class members—even stipulated residency of greater than 2/3 of a class—is not sufficient to establish citizenship. *King*, 903 F.3d at 879 (holding stipulation that greater than 2/3 of class had last known address within California insufficient for abstention; "A person's state of citizenship is established by domicile, not simply residence, and a residential address in California does not guarantee that the person's legal domicile was in California"). Assumptions based on residency or place of work are "guesswork" insufficient to establish an abstention doctrine. *Id.* (rejecting argument that residence established putative class member citizenship because "this impression rests on guesswork"); *Mondragon*, 736 F.3d at 884 (an exception to favored CAFA jurisdiction cannot be based on even "[s]ensible guesswork, based on a sense of how the world works, but guesswork nonetheless"). Accordingly, <u>many</u> courts addressing <u>class actions involving putative classes defined to include workers in the state of California</u> (exactly as here) have not only found the defendant's removal proper, but also that the defendant's resistance to remand on abstention grounds was proper and non-sanctionable, and have refused to remand those actions despite the putative class presumably having last known residences in the state of California. Such actions include:

---

[7] *See Serrano*, 478 F.3d at 1019 (the absence of the elements for abstention from CAFA jurisdiction – the local and home state controversy provisions – are "not elements of [CAFA] jurisdiction"); *Visendi v. Bank of Am., N.A.*, 733 F.3d 863, 869 (9th Cir. 2013) ("The 'local controversy' exception is not jurisdictional."); *Poe v. Health Net, Inc.*, No. CV 18-9792-R, 2019 U.S. Dist. LEXIS 40773, *5-6 (C.D. Cal. Mar. 12, 2019) ("In the absence of any cognizable challenge to the minimal jurisdictional requirements of CAFA, Plaintiff bears the burden of proof to remand based on some non-jurisdictional exception to this Court's proper exercise of CAFA jurisdiction."); *Calingo v. Meridian Res, Co LLC*, 2011 WL 3611319, *6 (S.D.N.Y., Aug. 16, 2011) ("local controversy exception does not deprive the court of subject matter jurisdiction over the case").

- *Roth v. CHA Hollywood Med. Ctr., L.P.*, 2013 U.S. Dist. LEXIS 194433, at *6, 8, 10 (C.D. Cal. Sept. 5, 2013) (employment class action, limited to persons who worked in California Hospital; "Courts have routinely held that assertions of mere residence do not suffice to establish citizenship."; "having a California address does not automatically render one a California citizen"; plaintiff "never established that the putative class members residing in California during the class period were California citizens to begin with.  Therefore, showing that putative class members—California citizens or not—did or did not change their addresses sheds but dim light on the home-state-controversy exception."; "Since [plaintiff] has not established that more than two-thirds of the putative class members are California citizens, the Court DENIES the Motion to Remand"; no sanction threatened or issued against either party);

- *Aviles v. Quik Pick Express, LLC*, No. CV-15-5214-MWF (AGR), 2015 WL 5601824, at *3 (C.D. Cal. Sept. 23, 2015) ("Plaintiff asserts that the class membership is defined as '[t]hose [H]arbor [D]rayage drivers who made pick ups and deliveries only in California and who were <u>residents</u> of California while working for the [H]arbor Drayage Trucking Companies.' [¶] As Defendant points out, California residency is not the same as California citizenship for purposes of the 'local controversy' exception."; motion to remand denied; no sanction threatened or issued against either party);

- *Alvarez v. XPO Logistics Cartage, LLC*, No. CV 18-03736 SJO (AS), 2018 WL 3203086, at *3, 4 (C.D. Cal. June 29, 2018) (class of drivers who "drove a truck he or she owned or leased to perform work for either or both of the XPO Defendants in California" not a basis to apply a CAFA exception; "The Court recognizes that employment within a state is more closely tied to domicile than is the automobile registration relied upon in *Mondragon*.  It cannot, however, overlook the complete lack of factual support for Plaintiff's claim that two-thirds of the putative class members are California Citizens.  While the Ninth Circuit has acknowledged that

   this rule creates 'some degree of inefficiency by requiring evidentiary proof of propositions that appear likely on their face,' it has concluded that 'any such inefficiency is largely of the parties' own making' as '[plaintiff] could have limited the class by defining it to consist only of California citizens.'"; "For the foregoing reasons, the Court DENIES Plaintiffs' Motion to Remand"; no sanction threatened or issued against either party) (quoting *Mondragon*, 736 F.3d at 885, 886) (citations omitted).

- *Garza v. Brinderson Constructors, Inc.*, 178 F. Supp. 3d 906, 916 (N.D. CA. 2016) (rejecting plaintiff's showing on remand motion based on CAFA exception, though based on class definition limiting the putative class to "California employees" where "Brinderson's California locations are all located such that commuting from a different state would only be possible by helicopter or private jet," and where "Brinderson ha[d] only identified one California employee that it contends is domiciled outside of the state"; these as facts "are not sufficient to meet plaintiff's burden of proof on a CAFA exception," including that putative class members are not "non-U.S. citizens"; court allowed remand because "plaintiff also requests leave to amend his complaint to clarify that the class is intended to be a class of California citizens and asks the court to remand on that basis. In *Mondragon*, the Ninth Circuit indicated that 'pure inference regarding the citizenship of prospective class members may be sufficient if the class is defined as limited to citizens of the state in question.'"; no sanction threatened or issued against either party).

Plaintiff here has not sought to limit her class to California citizens. In fact, in at least one instance of a putative class defined as employees "in the state of California," in which the Plaintiff moved to remand based on abstention and with considerably *more* evidence than Plaintiff offers here (none), the court issued an OSC regarding sanctions against <u>the plaintiff</u> for basing its motion to remand on an abstention doctrine based on its interviews of only a handful of putative class members:

- *Unutoa v. Interstate Hotels and Resorts, Inc*, No. CV-14-09809-SVW (PJW), 2015 WL 898512, at *4 (C.D. Cal. Mar. 3, 2015) (class of hotel employees who worked at one of defendants' locations "in the state of California"; CAFA home state exception inapplicable where "Plaintiff fails to submit any proof that 2/3 of the class members (current and former employees in California) were California citizens at the time of removal"; court denies motion to remand and issues OSC regarding Rule 11 sanctions against plaintiff's counsel for having brought a motion to abstain from CAFA jurisdiction under local controversy exception having interviewed just 5-10 people of class of 50,000 as its basis for its motion).

Simply, disproving an abstention is not a part of jurisdiction, is not a removing party's burden, and the failure to do so is not a basis to punish the removing party that has proven the elements of the Court's jurisdiction that it pled.[8]

Accordingly, on October 27, 2020, Panda properly removed this action, having alleged jurisdiction, which it later proved up to the Court's satisfaction. But rather than allow this Court to turn to the threshold question of Plaintiff's contractual agreement to arbitrate this action and her contractual waiver of class proceedings, Plaintiff rushed to file an abstention motion (which was not supported with any evidence of the citizenship of the putative class members) and asked the Court to grant the abstention motion priority. [Dkt. 11 (Motion to Remand) and 12 (Request for Motion Preference).]

**Third**, Panda has not refused to produce residency information or forced Plaintiff's hand. Plaintiff first served discovery requests regarding abstention-related information by mail (despite the pandemic) on November 3, 2020, which Panda first received on November 5, 2020, just one day before Plaintiff brought its November 6, 2020 remand motion without meeting and conferring. [Kemple Decl. ¶ 3.] Accordingly,

---

[8] As set forth in *Unutoa, supra*, if anything, a remand motion brought by a plaintiff without evidence to back the plaintiff's motion may be a basis for sanctioning the plaintiff. Here, Defendant proved what it alleged. Plaintiff did not, and in fact offered no evidence with her motion.

Panda had no opportunity to provide private and personal residency information concerning third parties before Plaintiff filed her motion.  To be clear, Panda did not allege abstention, and did not force Plaintiff's unsupported motion.  Panda not only had a good faith basis for all it alleged, it proved what is alleged and thereby proved this Court's jurisdiction.  Like all parties that remove, it did so for the purpose of having the balance of the issues presented decided by the federal court with the jurisdiction conferred by Congress over them.

IV.   **CONCLUSION.**

Panda properly removed this action to federal court, and then demonstrated this Court's jurisdiction.  Plaintiff moved to remand based on abstention, but Plaintiff failed to carry her burden of proof.  Panda believes it would prevail on a subsequent motion, as it believes that reliance on prior "residence" does not establish "citizenship" on removal – the standard Congress articulated for abstention from favored CAFA jurisdiction.

However, Panda has no desire (1) to violate the privacy rights of its workforce which, it believes compliance with the Court's Order would entail, and (2) no desire to waste the Court's or the parties' resources concerning proof of the mere residences of putative class members in an action that cannot proceed as a class action in any event.  Accordingly, Panda hereby stipulates and requests that the Court remand this action now and without the unconsented production of third parties' personal and private contact information.

Respectfully submitted,

Dated:  February 8, 2021       GREENBERG TRAURIG, LLP

By       /s/ Mark D. Kemple
MARK D. KEMPLE
RYAN C. BYKERK
RADHA D.S. KULKARNI
Attorneys for Defendant
PANDA RESTAURANT GROUP, INC.