JS6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 20-cv-09837-AB-MRW | Date: | February 12, 2021 |
|---|---|---|---|

Title: *Jennifer Spargifiore v. Panda Restaurant Group, Inc., et al.*

Present: The Honorable **ANDRÉ BIROTTE JR., United States District Judge**

| Carla Badirian | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings: [In Chambers] ORDER GRANTING EX PARTE APPLICATION AND IMMEDIATELY REMANDING ACTION**

The Court has considered Defendant's Ex Parte Application to Remand ("Application," Dkt. No. 24) and Plaintiff's Opposition (Dkt. No. 25) thereto. The Court **GRANTS** the Application.

**DISCUSSION**

The background of this dispute is reflected in the Court's prior Order Staying Motion for Remand Pending Jurisdictional Discovery (Dkt. No. 23). Briefly, Plaintiff, a citizen of California, is suing Defendant, also a citizen of California, for wage and hour violations at Defendant's California restaurants. Defendant removed the action ten months after it was filed, pursuant to the Class Action Fairness Act ("CAFA"). Defendant claimed it learned of at least one non-diverse class member, thus satisfying the CAFA's minimum diversity requirement.

Shortly after Defendant removed the action, Plaintiff sought jurisdictional discovery regarding whether any of the CAFA exceptions applied. CAFA includes

the following exceptions that are relevant here: (1) the mandatory local controversy exception (28 U.S.C. § 1332(D)(4)(A)); (2) the mandatory home state controversy exception (28 U.S.C. § 1332(d)(4)(B)), and (3) the discretionary home state controversy exception (28 U.S.C. § 1332(d)(3)). *See Adams v. W. Marine Prod., Inc.*, 958 F.3d 1216, 1220 (9th Cir. 2020) (describing exceptions). Apparently, Defendant refused to produce the requested discovery. Plaintiff then moved for remand based on the exceptions to CAFA, among other reasons.

The Court's prior Order stayed the motion for remand and ordered Defendant to produce certain jurisdictional discovery within two weeks. The present ex parte Application followed. Defendant argues that remand will spare it from having to produce the court-ordered jurisdictional discovery, which it claims is contact information subject to privacy protections under *Belaire-W. Landscape, Inc. v. Superior Court*, 149 Cal. App. 4th 554 (2007). Defendant also argues that in any event, under governing law, the results of such discovery would be indeterminate, so the application is meant to avoid that additional litigation.

Plaintiff argues that *Belaire* is no bar to the discovery ordered here, that Defendant did not raise its concern about *Belaire* earlier in this case or in *Tapia v. Panda Express, LLC*, No. CV162323DSFRAOX, 2016 WL 10987316 (C.D. Cal. June 7, 2016) when Judge Fischer ordered similar discovery, that Defendant's counsel did not raise that concern under similar circumstances in *Adams*, and that Defendant is simply seeking to avoid an adverse ruling on the merits and an award of fees for an unreasonable or vexatious removal.

Defendant's claimed *Belaire* concerns are not persuasive, nor does Defendant's claim that it desires to avoid extended jurisdictional litigation seem genuine. Defendant itself triggered this litigation by its removal and lack of cooperation with Plaintiff regarding jurisdictional discovery. It was entirely foreseeable at the time that Defendant's removal would result in extended litigation and that the Court would very likely order the jurisdictional discovery that Defendant now seeks to avoid and that was ordered in *Tapia*. In sum, this Application seems to be an attempt to avoid a ruling on the merits of the remand motion and the risk of a fee award. However, the Court's impressions of Defendant's litigation tactics cannot be dispositive here.

This case—where Plaintiff and Defendant are citizens of the state in which the case was originally filed, it is likely that the majority of class members are in-state citizens, and the wage and hour violations, by definition, happened exclusively in state—strikes the Court as precisely the kind of intrastate case that

the CAFA exceptions were meant to excise from the Court's jurisdiction. *See Adams*, 958 F.3d at 1220 ("Congress provided exceptions to CAFA jurisdiction, however, to allow truly intrastate class actions to be heard in state court."). Nevertheless, as reflected in the cases cited in the parties' memoranda, the law governing what evidence suffices to establish the threshold numbers of class members who are citizens of the state of filing for purposes of the CAFA exceptions is somewhat unclear. Furthermore, the cases appear to skew towards requiring unreasonable degrees of certainty and rejecting reasonable inferences from class members' available contact information. But the Court need not and therefore will not resolve these issues on the merits, as the parties agree, albeit for different reasons, that the case should be remanded.

Thus, to avoid further jurisdictional litigation, the Court will grant the Application. As a practical matter, this ruling is tantamount to granting Plaintiff's Motion for Remand, which would ordinarily trigger consideration of a fee award. However, to award fees, the Court must decide on the merits that the removal was objectively unreasonable. *Martin v. Franklin Capital Corp*., 546 U.S. 132, 141 (2005). Because the Court is not resolving the remand motion on its merits, the Court cannot say that the mandatory exception to CAFA applies and cannot find that the removal was unreasonable. Therefore, the Court cannot award Plaintiff attorneys' fees incurred on the motion for remand. The Court likewise declines to award Plaintiff her fees under 28 U.S.C. § 1927, which grants the court inherent authority to sanction attorneys who "unreasonably and vexatiously multiply proceedings," or under Fed. R. Civ. P. 11.

## CONCLUSION

For the foregoing reasons, Defendant's Application is **GRANTED** and the case is ordered **IMMEDIATELY REMANDED** to the state court from which it was removed.

**IT IS SO ORDERED**.

cc: Superior Court of California Los Angeles County, 19STCV44438